**UNITED STATES of America,**

v.

**Jason HULL, Appellant.**

No. 02–1775.

United States Court of Appeals,
Third Circuit.

Submitted under Third Circuit LAR
34.1(a) Nov. 13, 2002.

Decided Jan. 21, 2003.

Before SCIRICA, ALITO and
RENDELL, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

Appellant, Jason Hull ("Hull"), pled guilty to one count of Interference with Commerce by Robbery, in violation of 18 U.S.C. §§ 1951 and 2, for his part in the armed robbery of a jewelry store in St. Thomas and the murder of its owner. Hull was sentenced to 235 months' imprisonment and ordered to pay restitution in the amount of approximately $740,000. In this appeal, Hull argues that (1) that the government breached the plea agreement by acting in bad faith when it declined to file a motion for downward departure under Section 5K1.1 of the Sentencing Guidelines and (2) that the District Court erred in making him jointly and severally liable with his accomplices to pay restitution for the stolen jewelry. We affirm.

Whether the United States acted in bad faith in breach its plea agreement with Hull is a question of law, and our review is plenary. *United States v. Moscahlaidis,* 868 F.2d 1357, 1360 (3d Cir.1989). We apply principles of contract law when reviewing an alleged violation of a plea agreement. *United States v. Swint,* 223 F.3d 249, 253 (3d Cir.2000); *United States v. Isaac,* 141 F.3d 477, 481–482 (3d Cir.1998). Section 5K1.1 of the Sentencing Guidelines provides the District Court with the discretion to depart downwards from the guidelines "[u]pon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense." U.S.S.G. § 5K1.1. Accordingly, "once the govern-

ment makes an agreement with a defendant to file a [§ 5K1.1] motion, it is bound by the terms of the agreement. It is a simple matter of contract law." *United States v. Carrara*, 49 F.3d 105, 107 (3d Cir.1995). "[A] district court is empowered to examine for 'good faith' a prosecutor's refusal to file a § 5K1.1 motion pursuant to a plea agreement that gives the prosecutor 'sole discretion' to determine whether the defendant's assistance was substantial." *Isaac*, 141 F.3d at 483. A defendant who alleges that the United States has breached a plea agreement by not filing a Section 5K1.1 motion for downward departure "bears the burden of proving those underlying facts that establish the breach by a preponderance of the evidence." *United States v. Roman*. 121 F.3d 136, 142 (3d Cir.1997) *quoting United States v. Wilder*, 15 F.3d 1292, 1295 (5th Cir.1994).

We reject Hull's contention that the United States acted in bad faith when it declined to file a motion for downward departure under Section 5K1.1. The letter in which the government originally offered Hull the possibility of a plea agreement provided that the government's filing of a motion under Section 5K1.1 would be contingent upon Hull's provision of substantial further assistance in the prosecution of those responsible for the robbery of the jewelry store and the murder of its owner. A21. The plea agreement made no mention of Section 5K1.1, providing instead for the possibility of a supplemental plea agreement in the event that Hull were to agree to furnish further substantial assistance in the prosecution of those responsible for the robbery and murder. A34–35. The United States was therefore under no obligation to file a motion for downward departure under Section 5K1.1 unless Hull agreed to provide substantial further assistance and a supplemental agreement was reached. None was.

Hull alleges that he, in fact, provided substantial assistance to the government. He contends, among other things, that information he provided after he signed the plea agreement was instrumental in the apprehension of a fourth member of the gang.[1] The fact remains, however, that Hull never executed the supplemental agreement, and in any event Hull's unsubstantiated allegations of substantial assistance do not amount to the required proof by a preponderance of the evidence of the existence of a breach of the plea agreement by the government. *Roman*, 121 F.3d at 142. For these reasons, we hold that the District Court did not err when it held that the government did not act in bad faith.

We also reject Hull's argument that the District Court erred when it ordered him to pay restitution for the stolen jewelry. Title 18 United States Code, Section 3663A and U.S.S.G. § 5E1.1 mandate the payment of restitution for crimes of violence.[2] Hull contends that the trial judge assured him that he would not be held liable for

---

1. Hull alleges that he was debriefed by the United States concerning the fourth robber, and that the United States admitted to this fact at trial. Contrary to Hull's assertions, the record shows that the United States was frustrated by its inability to debrief Hull. A45–46.

2. Section 3663A provides, "when sentencing a defendant convicted of an offense described in subsection (c) [crimes of violence], the court shall order, in addition to ... any other penalty authorized by law, that the defendant make restitution to the victim of the offense or, if the victim is deceased, to the victim's estate." 18 U.S.C. § 3663A(a)(1). U.S.S.G. § 5E1.1 states that "[i]n the case of an identifiable victim, the court shall ... (1) enter a restitution order for the full amount of the victim's loss, if such order is authorized under ... § 3663A...."

any stolen jewelry, Appellant's Br. at 17, but Hull takes the judge's statement out of context. The judge's comment followed a discussion in which the judge expressed his belief that Hull would not be liable for jewelry that had been recovered. App. 38 –39. Moreover, Hull did not object to the amount of restitution as articulated by the judge at the sentencing hearing. App. 69—70. Under these circumstances, we find no error.

For the foregoing reasons, we will affirm the order of the District Court dated March 12, 2002.